# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Clipper Windpower, LLC

Plaintiff

v.

GSG 7, LLC et al

Defendant(s).

Case No. 16 C 4572
Judge Jeffrey T. Gilbert

## ORDER

Defendants' Motion to Enforce Settlement Agreement [ECF No. 44] and Plaintiff's Motion for Specific Funds and Property Injunction [ECF No. 47] are denied. See Statement below for further details.

## STATEMENT

**Defendants' Motion to Enforce Settlement Agreement [ECF No. 44].** Defendants seek to enforce a "terms sheet" they entered into with Plaintiffs on or about June 15, 2017, as if it were a final, definitive settlement agreement. The terms sheet, on its face, clearly contemplated that the parties would enter into several more definitive, final, written settlement documents. The first paragraph of the "terms sheet" states: "The documents contemplated below will also include terms standard in documents drafted by lenders." ECF No. 44-1. The body of the "terms sheet" then outlines in sequential numbered paragraphs the terms that will be incorporated into the final documents including a settlement agreement, promissory note, personal guaranties, and an operations and sales option agreement *Id.* The last paragraph of the "terms sheet" states: "The parties will exert commercially reasonable efforts to have definitive documents drafted and executed by June 21, 2017." *Id.* As of today, the parties have not executed those definitive documents.

The parties' contemporaneous statements to the American Arbitration Association ("AAA") confirm their intent and understanding. The parties told the AAA that if definitive agreements were not executed, then they intended to return to the litigation and arbitration fields of play. On June 15, 2017, the parties' counsel sent a joint communication to the AAA Panel that said: "The parties believe they have settled this matter. A Terms Sheet was just executed by all

1

parties, and we will soon work on the definitive agreement." ECF No. 57-1 (Exhibit 4). Counsel went on to say that if a definitive settlement agreement was not executed, then "we would ask for a new hearing date." *Id.*

Alternatively, if the terms sheet is the parties' definitive settlement agreement (which as stated above, the Court does not find it was), then Defendants breached that agreement by failing to make the first payments called for in the terms sheet. Therefore, as a party in material breach (again, of a definitive agreement the Court finds does not yet exist), Defendants would not be entitled to have their motion to enforce granted for that reason.

Accordingly, under either scenario outlined above, Defendants' Motion to Enforce Settlement Agreement [ECF No. 44] must be, and is, denied.

**Plaintiff's Motion for Specific Funds and Property Injunction [ECF No. 47].** Plaintiff has not satisfied any of the requirements for the injunctive relief it seeks in this Motion. It has not established that it has a probability of success on the merits of any particular claim in this lawsuit as it currently is configured, that it lacks an adequate remedy at law, or that it is likely to suffer irreparable harm in the absence of the equitable relief it seeks. Plaintiff cites no law that even arguably would entitle it to the extraordinary relief it seeks.

The sole case Plaintiff cites in support of its Motion, *All Seasons Excavating Co, Bluthardt, 216 Ill. App. 3d 504 (1st Dis. 1991)*, is easily distinguishable. In that case, specific funds in the form of a $15,000 mortgage loan on the property in dispute in that lawsuit existed and could be attached pending resolution of the lawsuit. In this case, Plaintiff seeks a pre-judgment attachment of $2,000,000 that, according to Plaintiff, Defendants promised to pay over time if definitive settlement documents were executed and subject to various other terms and conditions. There is no indication that the $2,000,000 in specific funds actually exists today in a segregated account or even that it is in Defendants' possession and, thus, subject to the extraordinary pre-judgement attachment that Plaintiff seeks. Further, as the Illinois Appellate Court noted in *Hensley Const., LLC v. Puite Home Corp., 399 Ill. App. 3d 184, 191 (2d Dist. 2010), citing Carriage Way Apartments v. Pojman, 172 Ill. App,. 3d 827, 828 (2nd Dist. 1988)*, "the theory of taking away the control of a person's property by means of an injunction for the purpose of anticipating a judgment which may or may not thereafter be obtained by a litigant is abhorrent to the principles of equitable jurisdiction."

Plaintiff's Motion is borne of its frustration with Defendants for not having executed the definitive settlement documents that Plaintiff believes embody the terms of the settlement it says the parties reached about six months ago. While that frustration is perhaps understandable, it does not give rise to the extraordinary equitable remedy Plaintiff now seeks. Given the cursory manner in which Plaintiff presents its case in the papers supporting its Motion, the Court need not go into more detail with respect to its decision to exercise its discretion to deny Plaintiff's Motion. It should suffice to say that to the extent pre-judgment attachment is a remedy that a

court might entertain in certain narrowly drawn circumstances discussed in the cases cited above, Plaintiff has fallen well-short of establishing those circumstances exist here.

Accordingly, both Defendants' Motion to Enforce Settlement Agreement [ECF No. 44] and Plaintiff's Motion for Specific Funds and Property Injunction [ECF No. 47] are denied.

It is so ordered.

Dated: December 11, 2017

_____
Jeffrey T. Gilbert
United States Magistrate Judge